UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **TWIN VILLAGE MANAGEMENT, LLC,** | § | |
| **DAVID MATTHEW STANLEY** | § | |
| **STEVE STANLEY, WCP GROUP GC, LLC,** | § | |
| **HUNTINGTON CREEK CAPITAL IV, LLC,** | § | |
| **HUNTINGTON CREEK CAPITAL VI, LLC, AND** | § | |
| **HUNTINGTON CREEK CAPITAL VII, LLC** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | **CIVIL ACTION NO: 22-1111** |
| | § | |
| **FEDERAL INSURANCE COMPANY,** | § | |
| **CHUBB GROUP OF INSURANCE COMPANIES,** | § | |
| **CHUBB INDEMNITY INSURANCE COMPANY,** | § | |
| **CHUBB NATIONAL INSURANCE COMPANY,** | § | |
| **ARTHUR J. GALLAGHER RISK MANAGEMENT** | § | |
| **SERVICES, INC., AND** | § | |
| **ARTHUR J. GALLAGHER & CO.** | § | |
| *Defendants* | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Twin Village Management, LLC ("TWIN VILLAGE MANAGEMENT"),

DAVID MATTHEW STANLEY ("MATT STANLEY"), STEVE STANLEY ("STEVE

STANLEY"), WCP GROUP GC, LLC ("WCP GROUP"), HUNTINGTON CREEK CAPITAL

IV, LLC ("HCC IV"), HUNTINGTON CREEK CAPITAL VI, LLC ("HCC VI"), and

HUNTINGTON CREEK CAPITAL VII, LLC ("HCC VII"), (collectively "TWIN VILLAGE",

or "Plaintiff TWIN VILLAGE", or Plaintiffs) and files this Plaintiffs' Original Complaint

against Federal Insurance Company ("FEDERAL"), CHUBB Group of Insurance Companies,

CHUBB Indemnity Insurance Company, CHUBB National Insurance Company (collectively,

"CHUBB"), Arthur J. Gallagher Risk Management Services, Inc. and Arthur J. Gallagher & Co. (collectively, "GALLAGHER"), with all named Defendants collectively the "Defendants", and states as follows:

## SUMMARY

Defendant GALLAGHER brokered and was to procure insurance for Plaintiff TWIN VILLAGE (on behalf of all Plaintiffs). Plaintiff TWIN VILLAGE was subsequently issued a Policy of insurance through Defendant FEDERAL (an insurance company of Defendant CHUBB Group of Insurance Companies). Following the presentment of claims by TWIN VILLAGE to GALLAGHER and FEDERAL and CHUBB involving derivative actions and invoking insurance coverage, Defendants FEDERAL and CHUBB issued a reservation of rights regarding coverage and have denied or refused indemnify Plaintiff TWIN VILLAGE for the full amount of TWIN VILLAGE's claim (including Defense Costs). Consequently, Defendants FEDERAL and CHUBB have breached, and are continuing to breach, the Policy by failing or refusing to indemnify TWIN VILLAGE for the full value of the claim. In addition, Defendants GALLAGHER have refused or failed to broker and procure the insurance coverage for which TWIN VILLAGE bargained. Accordingly, Plaintiff TWIN VILLAGE now sues and seeks relief for damages caused by Defendants.

## PARTIES

Plaintiff TWIN VILLAGE MANAGEMENT LLC is a Texas limited liability company, with its principal place of business in Austin, Texas, operating substantially in Texas, and is a citizen of Texas.

Plaintiff DAVID MATTHEW STANLEY is a citizen of Texas.

Plaintiff STEVE STANLEY is a citizen of Texas.

Plaintiff WCP FUND GP, LLC is a Texas limited liability company, with its principal place of business in Austin, Texas, operating substantially in Texas, and is a citizen of Texas.

Plaintiff HUNTINGTON CREEK CAPITAL IV, LLC is a Texas limited liability company, operating substantially in Texas, and is a citizen of Texas.

Plaintiff HUNTINGTON CREEK CAPITAL VI, LLC is a Texas limited liability company, operating substantially in Texas, and is a citizen of Texas.

Plaintiff HUNTINGTON CREEK CAPITAL VII, LLC is a Delaware limited liability company, operating substantially in Texas.

Defendant FEDERAL INSURANCE COMPANY is an insurance company, not incorporated in Texas, incorporated under the laws of Indiana or another foreign jurisdiction, located at Capital Center, 251 North Illinois, Suite 1100, Indianapolis, Indiana 46204-1927, and with an address through the Texas Department of Insurance of 202B Hall's Mill Road, Whitehouse Station, New Jersey 08889, which is also the address for CHUBB, and which at all relevant times was doing business in the State of Texas, and may be served with process through its registered agent CT Corporation System, located at 1999 Bryan Street, Ste 900, Dallas, Texas 75201-4284, or wherever Defendant FEDERAL INSURANCE COMPANY may be found.

Defendant CHUBB GROUP OF INSURANCE COMPANIES, not incorporated in Texas, incorporated under the laws of a foreign jurisdiction, with claims department located at 82 Hopmeadow St., Simsbury, CT 06070-7683, and with underwriting department located at 202B Hall's Mill Road, Whitehouse Station, New Jersey 08889, and which at all relevant times was doing business in the State of Texas, and may be served with process through its registered agent CT Corporation System, located at 1999 Bryan Street, Ste 900, Dallas, Texas 75201-4284, or wherever Defendant CHUBB GROUP OF INSURANCE COMPANIES may be found.

Defendant CHUBB INDEMNITY INSURANCE COMPANY, a foreign corporation, not incorporated in Texas, incorporated under the laws of another jurisdiction, which at all relevant times was doing business in the State of Texas, may be served with process through its registered agent CT Corporation System, located at 1999 Bryan Street, Ste 900, Dallas, Texas 75201-4284, or wherever Defendant CHUBB INDEMNITY INSURANCE COMPANY may be found.

Defendant CHUBB NATIONAL INSURANCE COMPANY, a foreign corporation, not incorporated in Texas, incorporated under the laws of another jurisdiction, which at all relevant times was doing business in the State of Texas, may be served with process through its registered agent CT Corporation System, located at 1999 Bryan Street, Ste 900, Dallas, Texas 75201-4284, or wherever Defendant CHUBB NATIONAL INSURANCE COMPANY may be found.

Defendant FEDERAL INSURANCE COMPANY is a member of the CHUBB GROUP OF INSURANCE COMPANIES.

Defendant ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. is an insurance broker which is not a citizen of Texas and is a citizen of Illinois or another foreign jurisdiction, located at 2850 Golf Road, Suite 1000, Rolling Meadows, Illinois 60008, and which at all relevant times was doing business in the State of Texas, and may be served with process through its registered agent for service of process CT Corporation System, 1999 Bryan Street, Suite 100, Dallas, Texas 75201, or wherever Defendant ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. may be found.

Defendant ARTHUR J. GALLAGHER & CO. is an insurance broker which not a citizen of Texas and is a citizen of New Jersey or another foreign jurisdiction, located at 200 Jefferson Park, Whippany, New Jersey 07981, and which at all relevant times was doing business in the State of Texas and may be served with process through its registered agent for service of process CT

Corporation System, 1999 Bryan Street, Suite 100, Dallas, Texas 75201, or wherever Defendant ARTHUR J. GALLAGHER & CO. may be found.

Defendants ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. and ARTHUR J. GALLAGHER & CO. are collectively "GALLAGHER".

## JURISDICTION AND VENUE

Jurisdiction is proper because the amount in controversy and relief requested are within the jurisdictional limits of this Court.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.  The amount in controversy exceeds $75,000.  In addition, Plaintiff TWIN VILLAGE MANAGEMENT LLC, DAVID MATTHEW STANLEY, STEVE STANLEY, WCP GROUP GP, LLC, HCC IV, LLC, and HCC VI are citizens of Texas, HCC VII operates in Texas, Defendant FEDERAL is a foreign citizen, CHUBB is a foreign citizen, and Defendant GALLAGHER is a foreign citizen; accordingly, diversity of citizenship exists.

Venue is proper in the U.S. District Court for the Western Division of Texas, pursuant to 42 U.S.C. § 2000e(5)(f)(3) because it is the judicial district in the state in which all or a substantial part of the event(s) or omission(s) giving rise to the claims contained herein occurred.

Plaintiff seeks monetary relief in excess of $500,000.

## CONDITIONS PRECEDENT

All conditions precedent have been performed by Plaintiff, have occurred, or have been excused.

## FACTUAL BACKGROUND

1.     This lawsuit results from coverage brokered for TWIN VILLAGE through GALLAGHER, coverage (indemnification) not provided by FEDERAL and CHUBB, and a claim involving derivative lawsuits and a derivative demand letter that TWIN VILLAGE submitted to their insurer, FEDERAL and CHUBB (the "Claim").

2.     At all times relevant to this lawsuit, GALLAGHER was the broker of record with respect to insurance for TWIN VILLAGE.

3.     On September 12, 2018, GALLAGHER presented to Twin Village an 'Insurance Proposal Prepared for Twin Village Management LLC' (the "Insurance Proposal", fully incorporated by reference herein). The GALLAGHER Insurance Proposal included several entities in its "Named Insured Schedule", including Twin Village Management LLC.  Named coverages for Twin Village Management LLC in the Insurance Proposal included:

- *Aging Services Healthcare Primary Liability; and,*
- *Automobile; and,*
- *Aging Services Healthcare Umbrella Liability; and,*
- *Professional Liability; and,*
- *Executive Package; and,*
- *Stand Alone Terrorism.*

The *Insurance Proposal* offered the *Executive Package* coverage through Federal Insurance Company (Chubb Group of Insurance Companies).

4.     Federal Insurance Company (Chubb Group of Insurance Companies) subsequently issued an insurance policy to Twin Village Management, LLC, Policy  No. 8243-7109,  with a policy period of September 15, 2018 to September 15, 2019 (the "Policy").   The *Policy* has a limit of liability under the Directors & Officers Liability and Entity Liability Coverage Section (the "D&O Section") of $2,000,000, subject to a per Claim retention of $10,000 under *Insuring Clauses (B)* and *(C)*.  Defense costs and expenses are part of, and not in addition to, the limit of

liability.  The *Policy* provides an *Additional Limit of Liability Dedicated for Executives*.  The *Policy* also provides *Securityholder Derivative Demand Evaluation Coverage* in the amount of $500,000 which is part of and not in addition to the limit of liability.  No retention applies to this coverage.

5.      Within the Policy period, TWIN VILLAGE provided notice to FEDERAL and CHUBB of various claims, requesting coverage under the *Policy* for various derivative lawsuits and a derivative demand, including those listed below (collectively, the "Lawsuits"):

- *GN Ventures, Ltd., et al. v. David Matthew Stanley, et al.,* Cause No. DC-19-10297-B, in the 44th Judicial District Court, Dallas County, Texas, on appeal as Case No. 05-19-01076-CV in the Texas Court of Appeals, Fifth District, Dallas; ("GN Ventures Lawsuit"), and,
- *FVJV LTD., et al. v. David Matthew Stanley, et al.,* Cause No. D-1-GN-19-008530, 345th Judicial District Court, Travis County, Texas; ("FVJV Lawsuit"), and,
- *Donald Haley v. WCP Fund GP, LLC, Huntington Creek Capital IV, LLC, and David Matthew Stanley,* Cause No. DC-19-12264, 298th Judicial District Court, Dallas County, Texas; ("Haley Lawsuit"), and,
- *Long, et al. v. David M. Stanley, et al.,* Cause No. DC-19-03563, 193rd Judicial District Court, Dallas County, Texas; ("Long Lawsuit"), and,
- A derivative demand letter, dated on or about September 25, 2019, *on behalf of Michael Shane Orr as a member of Huntington Creek Capital IV, LLC and Huntington Creek Capital VI, LLC.* ("Shane Derivative Demand")

6.      As a result of the claims reported by TWIN VILLAGE, FEDERAL and CHUBB established Claim No. KY19K2250732 for the Lawsuits (the "Claim").

7.      Subject to its terms and conditions, the *Policy* provides coverage for Loss on account of a Claim first made during the Policy Period for Wrongful Acts.  Because the Plaintiffs in the *GNV Lawsuit, the FVJV Lawsuit,* the *Haley Lawsuit,* the *Long Lawsuit,* and the *Shane Derivative Demand* allege breaches of fiduciary duty against the directors of the Insured in the derivative suits, *Insuring Clause (B)* of the *D&O Section* of the *Policy,* as well as I*nsuring Clause (C)* of the *Policy,* were triggered.

8.      In correspondence to TWIN VILLAGE, FEDERAL and CHUBB's assert that, WCP Fund ("WCP Fund") is an uninsured entity.

9.      In correspondence to TWIN VILLAGE, FEDERAL and CHUBB assert that, while David Matthew Stanley and Steve Stanley ("The Stanleys") are insured only in their capacity as Executives of TWIN VILLAGE, they are named Defendants in the *GNV Lawsuit,* the *FVJV Lawsuit,* and the *Haley Lawsuit* only in their capacities as executives of WCP Fund.

10.      In correspondence to TWIN VILLAGE, FEDERAL and CHUBB assert that, while TWIN VILLAGE is named in the *GNV Lawsuit,* the *FVJV Lawsuit,* and the *Haley Lawsuit,* TWIN VILLAGE was sued only for receiving money it should not have received, and the allegations may not allege a **Wrongful Act** against it.

11.      In correspondence to TWIN VILLAGE, FEDERAL and CHUBB assert that, because TWIN VILLAGE's counsel represented all of the Defendants (including the WCP Fund and The Stanleys in their WCP Fund capacities) in the *GNV Lawsuit, the FVJV Lawsuit,* and the *Haley Lawsuit,* neither of which FEDERAL and CHUBB considers Insureds, FEDERAL and CHUBB seek a **Defense Costs** allocation.

12.      The Allocation Provision of the *D&O Section* of the *Policy* provides:

> *If an Insured who is afforded coverage for a Claim incurs an amount consisting of both Loss that is covered by this Coverage Part and also loss that is not covered by this Coverage Part because such Claim includes both covered and uncovered matters, then coverage shall apply as follows:*
> *(A)      Defense Costs:  one hundred percent (100%) of Defense Costs incurred by such Insured on account of such Claim shall be covered Loss, ...*
> *(B)      loss other than Defense Costs:  all remaining loss incurred by such Insured from such Claim shall be allocated between covered Loss and uncovered loss based upon the relative legal exposures of the parties to such matters.*

13.      The Policy defines **Defense Costs** to mean "that part of **Loss** consisting of reasonable costs, charges, fees (including attorneys' fees and experts' fees) and expenses (other than regular or overtime wages, salaries, fees, or benefits of Insured Persons) incurred in

investigating, defending, opposing or appealing any Claim and the premium for appeal, attachment or similar bonds."

14.     In correspondence to TWIN VILLAGE, FEDERAL and CHUBB assert that WCP Fund is not an Insured, and that there is no coverage for WCP Fund.

15.     In correspondence to TWIN VILLAGE, FEDERAL and CHUBB assert that there is no coverage for The Stanleys while acting in either their capacity as managers of WCP Fund or in their personal capacity.

16.     In correspondence to TWIN VILLAGE, FEDERAL and CHUBB assert that the *GNV Lawsuit,* the *FVJV Lawsuit,* and the *Haley Lawsuit* each allege that The Stanleys had duties to the Plaintiffs in these respective lawsuits, by virtue of being managers of the WCP Fund, which controlled the HCC Entities, and because The Stanleys executed the Agreements on behalf of WCP Fund.  FEDERAL and CHUBB assert that, while the *GNV Lawsuit,* the *FVJV Lawsuit*, and the *Haley Lawsuit* each allege that TWIN VILLAGE benefitted from excessive fees under the Agreements, the allegations do not suggest that TWIN VILLAGE, as the facilities manager, owed any duties to the HCC Entities, but rather, those duties were owed by the WCP Fund.  In addition, CHUBB asserts that the only relief sought against TWIN VILLAGE in the *GNV Lawsuit,* the *FVJV Lawsuit,* and the *Haley Lawsuit* is disgorgement of its facilities management fees, which are alleged to be excessive solely because of the conduct of The Stanleys in their capacity as executives of WCP Fund. In sum, FEDERAL and CHUBB assert that there are no allegations against The Stanleys in their roles as **Executives** or **Employees** of TWIN VILLAGES, but only in their capacities as managers of WCP Fund or in their personal capacity, and there does not appear to be coverage for The Stanleys for this reason.

17.     In correspondence (a reservation of rights) to TWIN VILLAGE, FEDERAL and CHUBB previously agreed to provide a defense to the Policy Insureds for the *GNV Lawsuit* and the *FVJV Lawsuit,* subject to its right to propose an allocation based on defense counsel's representation of covered and uncovered parties and covered and uncovered claims.  Accordingly, FEDERAL and CHUBB proposed a one-third allocation toward covered *Defense Costs* based on the following:

> (1) WCP Fund is not an Insured, so none of its defense costs or loss can be allocated to the Policy; and,
> (2) the allegations against The Stanleys implicate their actions in their capacities as executives solely for WCP Fund and are therefore not covered and their defense costs are not covered by the Policy; and,
> (3) a duty to defend may be triggered for TWIN VILLAGE, which would be entitled to 100% of its Defense Costs under the Allocation Provision of the Policy.

18.     The *Haley Lawsuit* brought causes of action against WCP Fund GP, LLC, HCC IV, and David Matthew Stanley for declaratory relief, breach of contract, and promissory estoppel to "enforce Defendants' promises".  In its March 9, 2020 correspondence to TWIN VILLAGE, FEDERAL and CHUBB asserts *Section V(B)(1)* of the *Policy*, applicable to *Insuring Clause C,* for the proposition that FEDERAL and CHUBB shall not be liable for Claims based upon, arising from, or in consequence of, any liability in connection with any oral or written contract or agreement to which an **Organization** is a party.  FEDERAL and CHUBB assert that, because the *Haley Lawsuit* is based solely on the subject agreements between Haley and the *Haley Lawsuit* Defendants, this exclusion applies and there is no coverage for HCC IV under *Insuring Clause C.* FEDERAL and CHUBB assert that WCP Fund is not a Policy Insured and there is no coverage for it under the *Policy* for the *Haley Lawsuit*.  FEDERAL and CHUBB assert that it is not clear from the *Haley Lawsuit* pleadings whether the allegations against David Matthew Stanley implicate his capacity for WCP Fund or for HCC IV, and FEDERAL and CHUBB assert that it

does not know which entity is indemnifying David Matthew Stanley for the *Haley Lawsuit*; therefore, FEDERAL and CHUBB did not propose a Defense Cost allocation for the *Haley Lawsuit*.

## CAUSES OF ACTION

19. The assertions of FEDERAL and CHUBB regarding coverage available to TWIN VILLAGE are not supported by the facts or the law.  The claims submitted, and the coverage defense and indemnity sought by TWIN VILLAGE is consistent with the defense responses necessitated by each of the Lawsuits.  In mixed-actions such as these Lawsuits, the defense or response is inextricably intertwined among the TWIN VILLAGES entities and individuals, and segregation of the defense and the Defense Costs prejudices the defending party.  In addition, the assertions of FEDERAL and CHUBB and GALLAGHER, are inconsistent with the *Insurance Proposal* as well as the *Policy*, which are actionable, and for which Plaintiff TWIN VILLAGE now sues.

## A.  Breach of Contract (the *Policy*) (by FEDERAL and CHUBB)

20. Plaintiff re-alleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs.

21. Plaintiff TWIN VILLAGE entered into an insurance contract (the Policy), with FEDERAL and CHUBB. Through the Policy, Plaintiff TWIN VILLAGE contracted for defense and indemnification against claims or occurrences pertaining to areas of coverage.

22. By and through this *Complaint*, Plaintiff asserts that Defendants FEDERAL and CHUBB breached the *Policy* by failing or refusing to abide by the terms and conditions of the Policy, including by failing or refusing, through acts or omissions, to accept Plaintiff

TWIN VILLAGE's Claims and to defend and indemnify Plaintiff TWIN VILLAGE. This included, but is not limited to, Defendants FEDERAL and CHUBB refusal or failure to indemnify Plaintiff TWIN VILLAGE for *Defense Costs* directly related to and incurred through covered Claims.  Plaintiff TWIN VILLAGE was damaged by the acts and omissions of Defendants FEDERAL and CHUBB, in breach of the *Policy* (and the *Texas Business & Commerce Code* and the *Texas Insurance Code*) and now sues.

**B.  Breach of Duty of Good Faith and Fair Dealing (by FEDERAL and CHUBB and GALLAGHER)**

23. Plaintiff re-alleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs.

24. Defendants FEDERAL and CHUBB and GALLAGHER owed Plaintiff TWIN VILLAGE a duty of good faith and fair dealing that required Defendants to perform their duties and obligations under the *Insurance Proposal* and the *Policy*.  Defendants breached their duties to Plaintiff by failing or refusing to abide by the terms, conditions, representations, warranties, and duties in the *Policy*.  Specifically, after entering into the *Policy*, Defendants subsequently failed to honor the *Policy*, including by failing or refusing to defend and indemnify Plaintiff.  Defendants' actions were wanton, reckless, malicious and/or intentional in disregard to Plaintiff's rights under the *Policy*.

25. As a result of Defendants' acts and omissions, Plaintiff suffered economic damages, including *Defense Costs*, for which damages Plaintiff now sues as articulated in this *Complaint*.

26. As a further result of Defendants' acts and omissions, Plaintiff is entitled to recover exemplary damages as found by the trier of fact, for which Plaintiff now sues as articulated in this *Complaint*.

## C.  Fraud (by FEDERAL and CHUBB and GALLAGHER)

27. Plaintiff re-alleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs.

28. Defendant FEDERAL and CHUBB's and GALLAGHER's acts and omissions constitute Defendants' fraud against Plaintiff TWIN VILLAGE.  Defendants misrepresented the *Insurance Proposal* and *Policy* by making untrue statements of material fact. Specifically, Defendants, by and through their acts, omissions, and course of conduct, stated that Defendants would perform the pursuant to the defense and indemnification provisions of the *Policy*, and abide by the terms, conditions, representations, warranties, and duties in the *Policy*, and failed or refused to do so as articulated by the facts and allegations in the preceding paragraphs of this *Complaint*.

29. Defendants failed to state a material fact that is necessary to make other statements made not misleading, considering the circumstance under which the statements were made.

30. Defendants made the statements in such a manner as to mislead a reasonably prudent person or entity to a false conclusion of a material fact. Specifically, based upon Defendants' representations, Plaintiffs concluded that Defendants would not breach the *Policy*, intended to perform under the Policy, and would perform under the *Policy*, including as to defense and indemnity of Plaintiff and the payment of *Defense Costs*, which Defendants did not.

31. Defendants acts and omissions described above are false, were intended to mislead Plaintiff, and are actionable.

32. Defendants knew the representations made to Plaintiff were false when made, or made the representations recklessly, as a positive assertion, and without knowledge of their truth.

33. Defendants made the representations with the intent that Plaintiffs would act upon them, and Plaintiff did act upon them when entering into the *Policy*. In addition, Plaintiff relied upon Defendants' misrepresentations when entering into the Policy, to Plaintiff's detriment, for which Plaintiff now sues as articulated in this *Complaint*.

**D.  Fraudulent Inducement (by FEDERAL and CHUBB and GALLAGHER)**

34.  Plaintiff re-alleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs.

35. Defendant FEDERAL and CHUBB's and GALLAGHER acts and omissions constitute Defendants' fraudulent inducement against Plaintiff TWIN VILLAGE.  Defendants misrepresented the *Insurance Proposal* and the *Policy* by making untrue statements of material fact intended to induce Plaintiff to enter into or to maintain the *Policy*. Specifically, Defendants, by and through their acts, omissions, and course of conduct, stated that Defendants would perform the pursuant to the defense and indemnification provisions of the *Policy*, and abide by the terms, conditions, representations, warranties, and duties in the *Policy*, and failed or refused to do so as articulated by the facts and allegations in the preceding paragraphs of this *Complaint*.

36. To induce Plaintiff, Defendants failed to state a material fact that is necessary to make other statements made not misleading, considering the circumstance under which the statements were made.

37. Defendants made the statements in such a manner as to mislead a reasonably prudent person or entity to a false conclusion of a material fact. Specifically, based upon Defendants' representations, Plaintiffs concluded that Defendants would not breach the *Policy*, intended to perform under the Policy, and would perform under the *Policy*, including as to defense and indemnity of Plaintiff and the payment of *Defense Costs*, which Defendants did not.

38. Defendants acts and omissions described above are false, were intended to mislead and to induce Plaintiff, and are actionable.

39. Defendants knew the representations made to Plaintiff were false when made, or made the representations recklessly, as a positive assertion, with intent to induce, and without knowledge of their truth.

40. Defendants made the representations with the intent that Plaintiffs would be induced to act upon them, and Plaintiff did act upon them when entering into the *Policy*. In addition, Plaintiff relied upon Defendants' misrepresentations when entering into the Policy, to Plaintiff's detriment, for which Plaintiff now sues as articulated in this *Complaint*.

**E.  Business Disparagement (by FEDERAL and CHUBB)**

41. Plaintiff re-alleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs.

42. Defendants FEDERAL and CHUBB have denied coverage for all or a portion of the defense and indemnity to which Plaintiff is entitled, including the *Defense Costs*. Defendants' acts and omissions have disparaged Plaintiff's business reputations, have placed Plaintiff in a false light, and are defamatory to Plaintiff.  Specifically, Defendants have publicized its acts and omissions, or have permitted its acts and

omission to be publicized, which places Plaintiff in a negative and false light, for which Plaintiff now sues, as articulated in this *Complaint*.

**F.  Tortuous Interference with Existing & Prospective Business Relationships (by FEDERAL and CHUBB)**

43. Plaintiff re-alleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs.

44. Defendants FEDERAL's and CHUBB's acts and omissions failing or refusing to perform pursuant to the Policy have damaged the business reputation of Plaintiff TWIN VILLAGE and have resulted in tortuous interference with Plaintiff's business relationships.  Specifically, Defendants' acts and omissions have interfered with Plaintiff's existing relationships with business colleagues, as well as interfered with the development of prospective business relationships, for which Plaintiff now sues, as articulated in the *Complaint*.

**G.  Loss of Existing & Prospective Business Relationships and Opportunities (by FEDERAL and CHUBB)**

45. Plaintiff re-alleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs.

46. Defendants FEDERAL's and CHUBB's acts and omissions resulted in Plaintiff TWIN VILLAGE's loss of existing and prospective business relationships, as well as loss of opportunity to pursue and engage other business opportunities from existing and prospective business relationships, for which Plaintiff now sues.  Specifically, due to Defendants' failure or refusal to defend and indemnify Plaintiff TWIN VILLAGE, Plaintiff has lost existing relationships and opportunities and has been unable to pursue

prospective business relationships, for which Plaintiff now sues, as articulated in this *Complaint*.

**H. Negligence (by GALLAGHER)**

47. As Plaintiff TWIN VILLAGE's broker, Defendant GALLAGHER had a duty to broker and procure the insurance products agreed upon by Plaintiff TWIN VILLAGE. GALLAGHER also owed a duty to TWIN VILLAGE to properly and accurate represent the nature and extend of the terms and substance of the insurance products being brokered and procured, including, but not limited to the presentation of the Insurance Proposal, the Policy, and the defense and indemnity of the Policy (including through the Defense Costs).

48. Defendant GALLAGHER, through its acts and omissions, failed to broker and procure the insurance products agreed upon by Plaintiff TWIN VILLAGE.

49. Defendant GALLAGHER breached its duty to Plaintiff TWIN VILLAGE through its negligence, in failing to act, or in failing to act in accordance with the standard of care for performing GALLAGHER's duties, for which Plaintiff now sues.

**I. <u>Violation of TEX. BUS. & COM. CODE § 17.41, et seq (Texas DTPA)<br>(by FEDERAL and CHUBB and GALLAGHER)</u>**

50. Plaintiff TWIN VILLAGE sought or acquired, by and through the *Policy*, services from Defendants, and is a "consumer" pursuant to TEX. BUS. & COM. CODE § 17.45 (4).

51. Defendants, by and through their acts and omissions with Plaintiff, made by and through its respective representatives, knowingly and intentionally committed false, misleading, and deceptive acts or practices by:

- failing to disclose information concerning goods or services which was known at the time of the transaction, with such failure to disclose such information intended

to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed (TEX. BUS. & COM. CODE § 17.46 (24));

- making an untrue statement of material fact;
- failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made;
- making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; or,
- making a material misstatement of law.

52. Specifically, Defendants, by and through their representatives, made material misrepresentations to Plaintiff by and through, among other things, verbal and written communications, acts, and omissions regarding the terms and conditions of the *Insurance Proposal* and the *Policy*, including the defense and indemnity of Plaintiff (including the Defense Costs).

53. Defendants, by and through their representatives, knowingly engaged in a course of conduct designed to conceal their obligations under Texas law.

54. By engaging in an improper or unlawful course of conduct, Defendants, by and through their representatives, obtained a benefit from Plaintiff, by fraud, duress, or the taking of an undue advantage.  Therefore, Defendants, by and through their representatives, wrongfully secured or passively received a benefit from Plaintiff in the form of Plaintiff's commitment to perform and to make payments to Defendants pursuant to the terms and conditions of the *Insurance Proposal* and the *Policy*.

55. Defendants, by and through their representatives, committed false, misleading, or deceptive acts or practices under TEX. BUS. & COM. CODE § 17.50(a)(1) that were relied upon by Plaintiff to the detriment of Plaintiff.

56. Defendants, by and through their representatives, breached an express or implied warranty owed to Plaintiff pursuant to the *Insurance Proposal* and the *Policy*, actionable under TEX. BUS. & COM. CODE §17.50(a)(2).

57. Defendants, by and through their representatives, committed an unconscionable act or course of actions against Plaintiff, actionable under TEX. BUS. & COM. CODE §17.50(a)(3).  Specifically, Defendants, by and through their representatives, took advantage of Plaintiff's lack of knowledge, ability, experience, and/or capacity to a grossly unfair degree. The resulting unfairness to Plaintiff is glaringly noticeable, flagrant, complete, and unmitigated.

58. Defendants, by and through their representatives' wrongful conduct was intentional, knowing, and a producing cause of damages to Plaintiff.  Plaintiff is therefore entitled to all the relief contained within the DTPA including, but not limited to, economic damages, mental anguish damages, injunctive relief, attorney's fees, interest, costs, and punitive (treble) damages.

59. Defendants, by and through their representatives, owed Plaintiff a duty of good faith and fair dealing, which required Defendants, by and through their representatives, to abide by the *Insurance Proposal* and *Policy* and to (1) perform Defendants' respective duties and obligations in a reasonable and timely manner, (2) properly perform all services, and to (3) treat Plaintiff consistent with others who are engaged with Defendants through their respective agreements, specifically in a non-discriminatory manner.  To the contrary, Defendants, by and through their representatives, were wanton, reckless, malicious and/or intentional in disregard to Plaintiff's rights.

**J.** **Violation of Texas Insurance Code § 541 et seq , and §541A et seq (Deceptive, Unfair, and Prohibited Practices) (by FEDERAL and CHUBB and GALLAGHER)**

60. In addition, Defendants FEDERAL and CHUBB and GALLAGHER committed

deceptive, unfair, and prohibited practices against Plaintiff.

61. *Texas Insurance Code § 541 (Purpose)* states, in pertinent part:

*The purpose of this chapter is to regulate trade practices in the business of insurance by:*
*(1) defining or providing for the determination of trade practices in this state that are*
*unfair methods of competition or unfair or deceptive acts or practices; and,*
*(2) prohibiting those trade practices.*

*Texas Insurance Code § 541.002 (Definitions)* states, in pertinent part:
*(1) "Knowingly" means actual awareness of the falsity, unfairness, or deceptiveness of*
*the act or practice on which a claim for damages under Subchapter D is based.*
*Actual awareness may be inferred if objective manifestations indicate that a person*
*acted with actual awareness.*
*(2) "Person" means an individual, corporation, association, partnership, reciprocal or*
*interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity*
*engaged in the business of insurance, including an agent, broker, or adjuster.*

62. *Texas Insurance Code § 541.003 (Unfair Methods of Competition and Unfair or*
*Deceptive Acts or Practices Prohibited)* states, in pertinent part:
*A person may not engage in this state in a trade practice that is defined in this chapter as*
*or determined under this chapter to be an unfair method of competition or an unfair*
*or deceptive act or practice in the business of insurance.*

63. *Texas Insurance Code § 541.051 (Misrepresentation Regarding Policy or Insurer)*
states, in pertinent part:
*It is an unfair method of competition or an unfair or deceptive act or practice in the*
*business of insurance to:*
*(1) make, issue, or circulate or cause to be made, issued, or circulated an estimate,*
*illustration, circular, or statement misrepresenting with respect to a policy issued*
*or to be issued:*
*(A) the terms of the policy:*
*(B) the benefits or advantages promised by the policy*

64. *Texas Insurance Code § 541.060 (Unfair Settlement Practices)* states, in pertinent part:
*(a) It is an unfair method of competition or an unfair or deceptive act or practice*
*in the business of insurance to engage in the following unfair settlement*
*practices with respect to a claim by an insured or beneficiary:*
*(1) Misrepresenting to a claimant a material fact or policy provision relating*
*to coverage at issue;*
*(2) Failing to attempt in good faith to effectuate a prompt, fair, and equitable*
*settlement of:*

        *(A)  a claim with respect to which the insurer's liability has become reasonably clear;*

    *(3) Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim.*

    *(4) Failing within a reasonable time to:*

        *(A) affirm or deny coverage of a claim to a policyholder;*

    *(7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.*

65. *Texas Insurance Code § 541.061 (Misrepresentation of Insurance Policy) states, in pertinent part:*

    *It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by:*

    *(1) making an untrue statement of material fact;*

    *(2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;*

    *(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;*

    *(4) making a material misstatement of law; or*

    *(5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.*

66. *Texas Insurance Code § 541.152 (Damages, Attorney's Fees, and Other Relief) states, in pertinent part:*

    *(a) A plaintiff who prevails in an action under this subchapter may obtain:*

        *(1) The amount of actual damages, plus court costs and reasonable and necessary attorney's fees;*

        *(2) An order enjoining the act or failure to act complained of; or*

        *(3) Any other relief the court determines is proper.*

    *(b) Except as provided by Subsection (c), on a finding by the trier of fact that the defendant knowingly committed the act complained of, the trier of fact may award an amount not to exceed three times the amount of actual damages.*

    *(c) Subsection (b) does not apply to an action under this subchapter brought against the Texas Windstorm Insurance Association.*

67. Through its acts and omissions, Defendants violated Texas Insurance Code § 541 et seq , and §541A et seq (Deceptive, Unfair, and Prohibited Practices).  Specifically, Defendants knowingly and materially misrepresented the provisions of the *Insurance Proposal* and the *Policy* in an attempt to deceive Plaintiff.   Accordingly, Defendants are liable to Plaintiff for three times the amount of actual damages incurred by Plaintiff.

**K.  Violation of <u>Texas Insurance Code § 542.058 (Delay in Payment of Claim)</u>, and applicability of <u>Texas Insurance Code § 542.060 (Liability for Violation of Subchapter) (by FEDERAL and CHUBB)</u>**

68. In addition, Defendant FEDERAL and CHUBB have delayed payment of the claim or claims submitted by Plaintiff TWIN VILLAGE.

69. *Texas Insurance Code §542.058* states, in pertinent part:
    (a)  *Except as otherwise provided, if an insurer, after receiving all items, statements, and other forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060.*

70. *Texas Insurance Code §542.060* states, in pertinent part:
    (a) *Except as provided by Subsection (c),  if an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees.  Nothing in this subsection prevents the award of prejudgment interest on the amount of the claim, as provided by law.*

71. Through its acts and omissions, Defendants violated *Texas Insurance Code § 542.058 (Delay in Payment of Claim)* and *§542.060 (Liability for Violation of Subchapter).* Specifically, Defendants knowingly and intentionally delayed payment of Plaintiff's claim in an attempt to deprive payment or delay payment to Plaintiff.   Accordingly, Defendants are liable to Plaintiff for the amount of each claim, as well as interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees.

**L.      Unjust Enrichment (by FEDERAL and CHUBB and GALLAGHER)**

72. Plaintiff re-alleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs.

73. Alternatively, by engaging in an unlawful course of conduct, Defendants FEDERAL and CHUBB and GALLAGHER obtained a benefit from Plaintiff TWIN VILLAGE by fraud, duress, or the taking of an undue advantage. Therefore, Defendants wrongfully secured or passively received a benefit from Plaintiff, by refusing to honor the *Insurance Proposal* and the *Policy*, including the defense and indemnification of Plaintiff through coverage and payment of *Defense Costs*, while accepting payment and premiums for the *Policy*. It would be unconscionable for Defendants to retain the proceeds and benefits of his unlawful conduct. Plaintiff hereby seeks disgorgement, restitution, and payment for all benefit Defendants has unlawfully obtained, in an amount to be determined by the trier of fact, for which Plaintiff now sues, as articulated in this *Complaint*, in an amount of at least $1,500,000.

## DAMAGES

74. Plaintiff re-alleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs.

75. As previously stated above, based upon the acts and omissions of Defendants, including through the failure or refusal of GALLAGHER to broker and procure the insurance product which Plaintiff had bargained for and requested, as well as including through the failure or refusal of FEDERAL and CHUBB to defend and indemnify Plaintiff in accordance with the Policy (including Defense Costs), Plaintiff has been forced to incur actual damages, including in the form of attorneys' fee, expenses, and costs (including through the law firm of Katten Muchin Rosenman LLP) in an amount of approximately $500,000.

76. Accordingly, through this *Complaint*, Plaintiff demand payment from Defendants in for actual damages, in addition to punitive damages, attorney fees, expenses, and costs, in an amount of $1,500,000 plus interest.

## ATTORNEYS' FEES, COSTS, AND EXPENSES

Pursuant to Texas Civil Practice & Remedies Code § 38.001, and other applicable authorities under Texas law, Plaintiff seek reasonable and necessary attorneys' fees, expenses, and costs.

Accordingly, due to Defendants' acts and omissions, Plaintiff has incurred, and seek from Defendants, reasonable and necessary legal expenses and costs associated with pursuing this action in a reasonable and necessary amount of at least **$50,000**, to be determined by this Court, for which Plaintiff now sues, as articulated in this *Complaint*.

## JURY DEMAND

In accordance with Federal Rules of Civil Procedure, Plaintiff hereby request trial by jury on all counts herein and requests that this jury trial be set on the Court's Jury Docket.

## PRAYER

WHEREFORE, Plaintiff TWIN VILLAGE prays that Defendants FEDERAL and CHUBB and GALLAGHER be cited to appear and answer herein, and that upon final hearing of the cause, Plaintiff's requested relief in *Plaintiff's Original Complaint* be granted and that the Court (i) award Plaintiff's actual damages (including the Defense Costs) as well as Plaintiff's attorneys' fees and expenses incurred and to be incurred in the prosecution of this suit; (ii) tax the costs of the suit and proceeding against Defendants; and (iii) award Plaintiff such other and further relief to which Plaintiff may be justly entitled at law or in equity.

Dated: October 31, 2022

Respectfully Submitted,

**STAFFORD MOORE, PLLC**

*/s/ Paul K. Stafford*
Paul K. Stafford
State Bar No. 00791716
paul@staffordmoore.law
www.staffordmoore.law
325 N. St. Paul Street, Suite 2210
Dallas, Texas 75201
Telephone:      214-764-1529
Facsimile:      214-580-8104

**ATTORNEYS FOR PLAINTIFF**
**TWIN VILLAGE MANAGEMENT, LLC**