# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **TWIN VILLAGE MANAGEMENT, LLC,** | § | |
| **DAVID MATTHEW STANLEY** | § | |
| **STEVE STANLEY, WCP GROUP GC, LLC,** | § | |
| **HUNTINGTON CREEK CAPITAL IV, LLC,** | § | |
| **HUNTINGTON CREEK CAPITAL VI, LLC, AND** | § | |
| **HUNTINGTON CREEK CAPITAL VII, LLC** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | **CIVIL ACTION NO:** |
| | § | **1:22-CV-01111-ADA** |
| | § | |
| **FEDERAL INSURANCE COMPANY,** | § | |
| **CHUBB GROUP OF INSURANCE COMPANIES,** | § | |
| **CHUBB INDEMNITY INSURANCE COMPANY,** | § | |
| **CHUBB NATIONAL INSURANCE COMPANY,** | § | |
| **ARTHUR J. GALLAGHER RISK MANAGEMENT** | § | |
| **SERVICES, INC., AND** | § | |
| **ARTHUR J. GALLAGHER & CO.** | § | |
| *Defendants* | § | |

## PLAINTIFFS' OBJECTION & RESPONSE TO REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Date:  July 3, 2023.

Respectfully Submitted,

/s/ *Paul K. Stafford*
Paul K. Stafford
State Bar No. 00791716
**STAFFORD MOORE, PLLC**
325 N. St. Paul St., Suite 2210
Dallas, Texas 75201
Tel: (214) 764-1529
Fax: (214) 580-8104
paul@staffordmoore.law
**ATTORNEYS FOR PLAINTIFFS**

# TABLE OF CONTENTS

TABLE OF CONTENTS…………………………………………………………………..2

TABLE OF AUTHORITIES………………………………………………………………3

    I.      SUMMARY…………………………………………………………………4

    II.    FACTUAL BACKGROUND………………………………………………….5

    III.   PROCEDURAL BACKGROUND……………………………………………...10

    IV.   STANDARD FOR MOTION TO DISMISS………………………………….11

    V.    STANDARD OF REVIEW………………………………………………...12

    VI.   ARGUMENT AND AUTHORITIES

        A.  Plaintiffs' Original Complaint is Sufficient Pursuant to
            FRCP 12(b)(6) and FRCP 9(b)……………………………………………13
        B.  Breach of Contract (the *Policy*) (by FEDERAL and CHUBB)……………….15
        C.  Breach of Duty of Good Faith and Fair Dealing (by FEDERAL and CHUBB and
            GALLAGHER)……………………………………………………………..16
        D.  Fraud, and Fraudulent Inducement (by FEDERAL and CHUBB and
            GALLAGHER)……………………………………………………………..17
        E.  Business Disparagement; and, Tortious Interference with Existing and Prospective
            Business Relationships; and, Loss of Existing & Prospective Business
            Relationships and Opportunities (by FEDERAL and CHUBB)………………..18
        F.  Negligence (by GALLAGHER)………………………………………………19
        G.  Violation of Tex. Bus. & Com. Code § 17.41, et seq (Texas DTPA); and, Violation
            of Texas Insurance Code § 541 et seq, and § 541A et seq (Deceptive, Unfair, and
            Prohibited Practices) (by FEDERAL and CHUBB and GALLAGHER)……….20
        H.  Violation of Texas Insurance Code §542.058 (Delay in Payment in Claim), and
            applicability of Texas Insurance Code §542.060 (Liability for Violation of
            Subchapter) (by FEDERAL and CHUBB)…………………………………...21
        I.  Unjust Enrichment (by FEDERAL and CHUBB and GALLAGHER)……….21

    VII.  CONCLUSION & PRAYER FOR RELIEF……………………………………22

        CERTIFICATE OF SERVICE………………………………………………………23

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)……………………………………………………11, 14

*Baer v. Putnal*, 75 F3d 190, 196 (5th Cir. 1996)……………………………………………………..12

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 470 (2007)………………………………………11, 12, 14

*Benchmark Elecs., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003)…………………………12

*El Paso Healthcare Sys. Ltd. v. Murphy*, 518 S.W.3d 412, 421 (Tex. 2017)………………………………19

*Gray v. Zurich Ins. Co.*, 65 Cal.2d 263………………………………………………………………15

*Heyden Newport Chem. Corp. v. S. Gen. Ins. Co.,* 387 S.W.2d 22 (Tex.1965)…………………………..15

*Higginbotham v. State Farm Mut. Auto Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997)………………………16

*May v. United Servs. Ass'n of Am.*, 844 S.W.2d 666, 669 (Tex. 1992)………………………………………17

*Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523 (5th Cir. 2004)………………………..15, 16

*Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 417 (5th Cir. 2010)………………………12

*Spurlock v. Beacon Lloyds Ins. Co.*, 494 S.W.3d 148, 155 (Tex.App. – Eastland 2015)…………………..17

*U.S. v. Wellpoint, Inc.*, 904 F3d 667 (9th Cir. 2018)……………………………………………..12, 13

*U.S. v. United Healthcare Ins.*, 848 F.3d 1161, 1180 (9th Cir. 2016)………………………………………..12

## STATUTES

28 U.S.C. § 636(b) …………………………………………………………………………11, 12

TEX. BUS. & COM. CODE § 17.41 (Texas DTPA)………………………………………………14

Texas Insurance Code § 541 et seq …………………………………………………………………14

Texas Insurance Code §541A et seq (Deceptive, Unfair, and Prohibited Practices)……………………..14

## RULES

Rule 9(b)……………………………………………………………………………10, 11, 13, 14

Rule 12(b)(6)…………………………………………………………………………..10, 11, 12, 14

Rule 72(b)………………………………………………………………………………………11

# I.   SUMMARY

Defendant GALLAGHER brokered and was to procure insurance for Plaintiff TWIN VILLAGE (on behalf of all Plaintiffs); however, Defendant GALLAGHER failed or refused to procure the coverage requested by Plaintiff TWIN VILLAGE.  Plaintiff TWIN VILLAGE was subsequently issued a Policy of insurance through Defendant FEDERAL (an insurance company of Defendant CHUBB Group of Insurance Companies).  Following the presentment of claims by TWIN VILLAGE to GALLAGHER and FEDERAL and CHUBB involving derivative actions and invoking insurance coverage, Defendants FEDERAL and CHUBB issued a reservation of rights regarding coverage, and, contrary to the coverage requested by Plaintiff TWIN VILLAGE, have denied or refused to indemnify Plaintiffs TWIN VILLAGE for the full amount of TWIN VILLAGE's claim (including Defense Costs).  Consequently, Defendants FEDERAL and CHUBB have breached, and are continuing to breach, the Policy by failing or refusing to indemnify Plaintiffs TWIN VILLAGE for the full value of the claim.  In addition, Defendants GALLAGHER have refused or failed to broker and procure the insurance coverage for which TWIN VILLAGE bargained.  Accordingly, Plaintiffs TWIN VILLAGE sued and seeks relief for damages caused by Defendants, in concert and individually.

The Magistrate has erred in issuing a report and recommendation that Motion to Dismiss for Defendant Federal and the Chubb Defendants, as well as for the Gallagher Defendants, should be granted.  Accordingly, Plaintiffs now seek *de novo* review from this Court.

## II.  FACTUAL BACKGROUND

1.     As articulated in *Plaintiffs' Original Complaint*, fully incorporated by reference herein, this lawsuit results from coverage brokered for Plaintiffs TWIN VILLAGE through GALLAGHER, coverage (indemnification) not provided by FEDERAL and CHUBB, and a claim involving derivative lawsuits and a derivative demand letter that TWIN VILLAGE submitted to their insurer, FEDERAL and CHUBB (the "Claim").

2.     At all times relevant to this lawsuit, GALLAGHER was the broker of record with respect to insurance for Plaintiffs TWIN VILLAGE.

3.     On September 12, 2018, GALLAGHER presented to Twin Village an 'Insurance Proposal Prepared for Twin Village Management LLC' (the "Insurance Proposal", fully incorporated by reference herein). The GALLAGHER Insurance Proposal (through representative Larry Hansard) included several entities in its "Named Insured Schedule", including Twin Village Management LLC.   Named coverages for Twin Village Management LLC in the Insurance Proposal included:

- *Aging Services Healthcare Primary Liability; and,*
- *Automobile; and,*
- *Aging Services Healthcare Umbrella Liability; and,*
- *Professional Liability; and,*
- *Executive Package; and,*
- *Stand Alone Terrorism.*

The *Insurance Proposal* offered the *Executive Package* coverage through Federal Insurance Company (Chubb Group of Insurance Companies).

4.     Federal Insurance Company (Chubb Group of Insurance Companies) subsequently issued an insurance policy to Twin Village Management, LLC, Policy  No. 8243-7109,  with a policy period of September 15, 2018 to September 15, 2019 (the "Policy").   The *Policy* has a limit of liability under the Directors & Officers Liability and Entity Liability Coverage Section

(the "D&O Section") of $2,000,000, subject to a per Claim retention of $10,000 under *Insuring Clauses (B)* and *(C)*. Defense costs and expenses are part of, and not in addition to, the limit of liability.

5. The *Policy* provides an *Additional Limit of Liability Dedicated for Executives*.

6. The *Policy* also provides *Securityholder Derivative Demand Evaluation Coverage* in the amount of $500,000 which is part of, and not in addition to, the limit of liability. No retention applies to this coverage.

7. Within the Policy period, TWIN VILLAGE provided notice to FEDERAL and CHUBB of various claims, requesting coverage under the *Policy* for various derivative lawsuits and a derivative demand, including those listed below (collectively, the "Lawsuits"):

- *GN Ventures, Ltd., et al. v. David Matthew Stanley, et al.,* Cause No. DC-19-10297-B, in the 44th Judicial District Court, Dallas County, Texas, on appeal as Case No. 05-19-01076-CV in the Texas Court of Appeals, Fifth District, Dallas; ("**GN Ventures Lawsuit**"), and,
- *FVJV LTD., et al. v. David Matthew Stanley, et al.,* Cause No. D-1-GN-19-008530, 345th Judicial District Court, Travis County, Texas; ("**FVJV Lawsuit**"), and,
- *Donald Haley v. WCP Fund GP, LLC, Huntington Creek Capital IV, LLC, and David Matthew Stanley,* Cause No. DC-19-12264, 298th Judicial District Court, Dallas County, Texas; ("**Haley Lawsuit**"), and,
- *Long, et al. v. David M. Stanley, et al.,* Cause No. DC-19-03563, 193rd Judicial District Court, Dallas County, Texas; ("**Long Lawsuit**"), and,
- A derivative demand letter, dated on or about September 25, 2019, *on behalf of Michael Shane Orr as a member of Huntington Creek Capital IV, LLC and Huntington Creek Capital VI, LLC.* ("**Shane Derivative Demand**")

8. As a result of the claims reported by TWIN VILLAGE, indemnifiers FEDERAL and CHUBB established Claim No. KY19K2250732 for the Lawsuits (the "Claim").

9. Subject to its terms and conditions, the *Policy* provides coverage for Loss on account of a Claim first made during the Policy Period for Wrongful Acts. Because the Plaintiffs in the *GNV Lawsuit, the FVJV Lawsuit,* the *Haley Lawsuit,* the *Long Lawsuit,* and the *Shane Derivative Demand* allege breaches of fiduciary duty against the directors/managers of the

Insured in the derivative suits, *Insuring Clause (B)* of the *D&O Section* of the *Policy*, as well as *Insuring Clause (C)* of the *Policy*, were triggered.

10.     In correspondence to TWIN VILLAGE - specifically Federal's March 9, 2020 Coverage Letter, fully incorporated herein as Defendant's Motion to Dismiss *Exhibit F*; and, in Federal's March 1, 2021 Coverage Letter, fully incorporated herein as Defendant's Motion to Dismiss *Exhibit G* - FEDERAL and CHUBB assert that, WCP Fund ("WCP Fund") is an uninsured entity.

11.     In addition, in correspondence (*Exhibit F* and *Exhibit G*) to TWIN VILLAGE, FEDERAL and CHUBB assert that, while David Matthew Stanley and Steve Stanley ("The Stanleys") are insured only in their capacity as Executives of TWIN VILLAGE, they are named Defendants in the *GNV Lawsuit,* the *FVJV Lawsuit,* and the *Haley Lawsuit* only in their capacities as executives of WCP Fund.

12.     In addition, in correspondence (*Exhibit F* and *Exhibit G*) to TWIN VILLAGE, FEDERAL and CHUBB assert that, while TWIN VILLAGE is named in the *GNV Lawsuit,* the *FVJV Lawsuit,* and the *Haley Lawsuit,* TWIN VILLAGE was sued only for receiving money it should not have received, and the allegations may not allege a **Wrongful Act** against TWIN VILLAGE.

13.     In addition, in correspondence (*Exhibit F* and *Exhibit G*) to TWIN VILLAGE, FEDERAL and CHUBB assert that, because TWIN VILLAGE's counsel represented all of the Defendants (including the WCP Fund and The Stanleys in their WCP Fund capacities) in the *GNV Lawsuit, the FVJV Lawsuit,* and the *Haley Lawsuit,* neither of which FEDERAL and CHUBB considers Insureds, FEDERAL and CHUBB seek a **Defense Costs** allocation.

14.     The Allocation Provision of the *D&O Section* of the *Policy* provides:

*If an Insured who is afforded coverage for a Claim incurs an amount consisting of both Loss that is covered by this Coverage Part and also loss that is not covered by this Coverage Part because such Claim includes both covered and uncovered matters, then coverage shall apply as follows:*

*(A)      Defense Costs:  one hundred percent (100%) of Defense Costs incurred by such Insured on account of such Claim shall be covered Loss, ...*

*(B)      loss other than Defense Costs:  all remaining loss incurred by such Insured from such Claim shall be allocated between covered Loss and uncovered loss based upon the relative legal exposures of the parties to such matters.*

15.      The Policy defines **Defense Costs** to mean "that part of **Loss** consisting of reasonable costs, charges, fees (including attorneys' fees and experts' fees) and expenses (other than regular or overtime wages, salaries, fees, or benefits of Insured Persons) incurred in investigating, defending, opposing or appealing any Claim and the premium for appeal, attachment or similar bonds."

16.      In correspondence (*Exhibit F* and *Exhibit G*) to TWIN VILLAGE, FEDERAL and CHUBB assert that WCP Fund is not an Insured, and that there is no coverage for WCP Fund.

17.      In correspondence (*Exhibit F* and *Exhibit G*) to TWIN VILLAGE, FEDERAL and CHUBB assert that there is no coverage for The Stanleys while acting in either their capacity as managers of WCP Fund or in their personal capacity.

18.      In correspondence (*Exhibit F* and *Exhibit G*) to TWIN VILLAGE, FEDERAL and CHUBB assert that the *GNV Lawsuit,* the *FVJV Lawsuit,* and the *Haley Lawsuit* each allege that The Stanleys had duties to the Plaintiffs in these respective lawsuits, by virtue of being managers of the WCP Fund, which controlled the HCC Entities, and because The Stanleys executed the Agreements on behalf of WCP Fund.  FEDERAL and CHUBB assert that, while the *GNV Lawsuit*, the *FVJV Lawsuit*, and the *Haley Lawsuit* each allege that TWIN VILLAGE benefitted from excessive fees under the Agreements, the allegations do not suggest that TWIN VILLAGE, as the facilities manager, owed any duties to the HCC Entities, but rather, those duties were owed

by the WCP Fund. In addition, CHUBB asserts that the only relief sought against TWIN VILLAGE in the *GNV Lawsuit*, the *FVJV Lawsuit*, and the *Haley Lawsuit* is disgorgement of its facilities management fees, which are alleged to be excessive solely because of the conduct of The Stanleys in their capacity as executives of WCP Fund. In sum, FEDERAL and CHUBB assert that there are no allegations against The Stanleys in their roles as **Executives** or **Employees** of TWIN VILLAGES, but only in their capacities as managers of WCP Fund or in their personal capacities, and assert that ***there does not appear*** to be coverage for The Stanleys for this reason.

19.     In correspondence (a reservation of rights) to TWIN VILLAGE, FEDERAL and CHUBB previously agreed to provide a defense to the Policy Insureds for the *GNV Lawsuit* and the *FVJV Lawsuit*, subject to its right to propose an allocation based on defense counsel's representation of covered and uncovered parties and covered and uncovered claims. Accordingly, FEDERAL and CHUBB proposed a ***one-third allocation*** toward covered *Defense Costs* based on the following:

> *(1) WCP Fund is not an Insured, so none of its defense costs or loss can be allocated to the Policy; and,*
> *(2) the allegations against The Stanleys implicate their actions in their capacities as executives solely for WCP Fund and are therefore not covered and their defense costs are not covered by the Policy; and,*
> *(3) a duty to defend may be triggered for TWIN VILLAGE, which would be entitled to 100% of its Defense Costs under the Allocation Provision of the Policy.*

20.     The *Haley Lawsuit* brought causes of action against WCP Fund GP, LLC, HCC IV, and David Matthew Stanley for declaratory relief, breach of contract, and promissory estoppel to "enforce Defendants' promises". In its March 9, 2020 correspondence to TWIN VILLAGE, FEDERAL and CHUBB asserts *Section V(B)(1)* of the *Policy*, applicable to *Insuring Clause C*, for the proposition that FEDERAL and CHUBB shall not be liable for Claims based upon, arising from, or in consequence of, any liability in connection with any oral or written contract or

agreement to which an **Organization** is a party. FEDERAL and CHUBB assert that, because the *Haley Lawsuit* is based solely on the subject agreements between Haley and the *Haley Lawsuit* Defendants, this exclusion applies and there is no coverage for HCC IV under *Insuring Clause C*. FEDERAL and CHUBB assert that WCP Fund is not a Policy Insured and there is no coverage for it under the *Policy* for the *Haley Lawsuit*. FEDERAL and CHUBB assert **that it is not clear from the Haley Lawsuit pleadings whether the allegations against David Matthew Stanley implicate his capacity for WCP Fund or for HCC IV, and FEDERAL and CHUBB assert that it does not know which entity is indemnifying David Matthew Stanley for the Haley Lawsuit**; therefore, FEDERAL and CHUBB did not propose a Defense Cost allocation for the *Haley Lawsuit*.

### III.    PROCEDURAL BACKGROUND

21.    On October 31, 2022, Plaintiffs filed their Original Complaint [Doc.1] ("Plaintiff's Original Complaint"), in which Plaintiffs seek relief for damages caused by Defendants' breach of the policy, and Defendants' fraudulent acts and omissions, and Defendants' violations of the Texas Insurance Code.

22.    On November 29, 2022, The Gallagher Defendants filed their Motion to Dismiss for Failure to State a Claim Pursuant to Rules 12(b)(6) and 9(b) [Doc. 5 & 6] ("Gallaghers' Motions to Dismiss").

23.    On December 13, 2022, Plaintiffs filed their Responses in Opposition to Defendant Gallagher's Motions to Dismiss [Doc. 9 & 10] ("Plaintiffs' Responses to Gallaghers' Motion to Dismiss").

24.    On December 20, 2022, the Gallagher Defendants filed their Reply to Response to Motion to Dismiss [Doc.12] ("Reply to Plaintiffs' Responses to Gallaghers' Motions to Dismiss")

25.     On December 23, 2022, the Chubb Defendants filed their Motion to Dismiss for Failure to State a Claim Pursuant to Fed.R.Civ.P. Rules 9(b) and 12(b)(6). [Doc.13] ("Chubbs' Motion to Dismiss").

26.     On January 6, 2023, Plaintiffs filed their Response in Opposition to the Chubb Defendants' Motion to Dismiss. [Doc.14] ("Plaintiffs' Response to Chubbs' Motion to Dismiss").

27.     On January 13, 2023, the Chubb Defendants filed their Reply to Response to Motion to Dismiss for Failure to State a Claim Pursuant to Fed.R.Civ.P. Rules 9(b) and 12(b)(6). [Doc.16] ("Reply to Plaintiffs' Response to Chubbs' Motion to Dismiss").

28.     On June 19, 2023, the Magistrate issued the Findings, Conclusions, Report and Recommendation of the United States Magistrate Judge [Doc.21] ("Magistrate's Recommendation"), which recommended that Defendants' Motions to Dismiss be granted with prejudice.

29.     Accordingly, pursuant to 28 U.S.C. §636(b)(1), and Federal Rule of Civil Procedure 72(b), Plaintiffs hereby file this Objection and Response to Findings, Conclusions, and Recommendation of the United States Magistrate Judge [Doc.21] ("Plaintiffs' Objection to Magistrate's Recommendation", or "Plaintiffs' Objection").

## IV.     <u>STANDARD FOR MOTION TO DISMISS</u>

30.     When determining a FRCP 12(b)(6) motion to dismiss, the live pleading must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 470 (2007).  A cause of action is plausible if it "allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While conclusory allegations are not presumed to be true, a court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor

of the Plaintiffs.  See *Baer v. Putnal*, 75 F3d 190, 196 (5th Cir. 1996).  To withstand a FRCP

12(b)(6) motion to dismiss, the Plaintiffs' complaint must allege sufficient "factual allegations

that when assumed to be true raise a right to relief above the speculative level." *Rosenblatt v.*

*United Way of Greater Houston*, 607 F.3d 413, 417 (5th Cir. 2010) (quotation omitted).  See also

*Bell Atl. Corp. v. Twombly*, 550 U.S. at 570.

31.     When determining a motion to dismiss premised upon a fraud or mistake claim

pursuant to FRCP 9(b), the court considers whether a party states with particularity the

circumstances constituting fraud or mistake.  While, consistent with *Benchmark Elecs., Inc. v.*

*J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003), a plaintiff must articulate the various

particulars constituting fraud, a complaint need not distinguish between defendants that had the

exact same role in a fraud, and 'there is no flaw in a pleading … where collective allegations are

used to describe the actions of multiple defendants who are alleged to have engaged in precisely

the same conduct.' *U.S. v. Wellpoint, Inc.*, 904 F3d 667 (9th Cir. 2018).  In addition, this standard

does not require the complaint to identify representative examples of false claims to support every

allegation.  *U.S. v. United Healthcare Ins.*, 848 F.3d 1161, 1180 (9th Cir. 2016).


### V.     STANDARD OF REVIEW

32.     Pursuant to 28 U.S.C. §636(b)(1), and in accordance with Federal Rule of Civil

Procedure 72(b), Plaintiffs request a *de novo* review of the Magistrate's Recommendation.

## VI. ARGUMENTS & AUTHORITIES

33. *Plaintiffs' Original Complaint*, as filed, and with the *Factual Background* stated above, is consistent with Federal Rules of Civil Procedure 12(b)(6) and 9(b), and provides "enough facts to state a claim to relief that is plausible on its face" and to "raise a reasonable expectation that discovery will reveal evidence" of the Plaintiffs' allegations. *Twombly*, 550 U.S. at 570. Defendants Federal and the Chubb Defendants' motion to dismiss and the Gallagher Defendants' motion to dismiss are not supported by the facts or the law, and should accordingly be in all way denied.

### A. Plaintiffs' Original Complaint is Sufficient Pursuant to FRCP 12(b)(6) and FRCP 9(b)

34. As stated in *Plaintiffs' Original Complaint*, Federal is a named Defendant ("Federal), and Chubb Group of Insurance Companies, Chubb Indemnity Insurance Company and Chubb National Insurance Company are named Defendants (as "Chubb Defendants"). Federal is a member of the Chubb Group of Companies. Both Federal and the Chubb Defendants have been served with process through their registered agent for service of process, and are before this Court.

35. Within a Federal Rule of Civil Procedure 9(b) standard, a complaint need not distinguish between defendants that had the exact same role in a fraud, and 'there is no flaw in a pleading … where collective allegations are used to describe the actions of multiple defendants who are alleged to have engaged in precisely the same conduct.' *U.S. v. Wellpoint, Inc.*, 904 F3d 667 (9th Cir. 2018). Such is the case with Federal (a member of the Chubb Group of Companies) and the Chubb Defendants. All acted in concert to deprive Plaintiffs of defense and indemnity, as alleged in *Plaintiffs' Original Complaint,* particularly the *Factual Background* paragraphs.

36. Pursuant to Federal Rule of Civil Procedure 12(b)(6), *Plaintiffs' Original Complaint* articulates Plaintiffs' claims with "enough facts to state a claim to relief that is

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 470, and states plausible causes of action that "allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678.

37.     As stated in *Plaintiffs' Original Complaint*, as well as the *Factual Background* section above, Plaintiffs' assertions of Defendant Federal and Chubbs' violations of TEX. BUS. & COM. CODE § 17.41 (Texas DTPA), and violations of Texas Insurance Code § 541 et seq and §541A et seq (Deceptive, Unfair, and Prohibited Practices), as well as Federal and Chubbs' negligence, unjust enrichment, fraudulent inducement, and fraud – with facts and allegations articulated with sufficient particularity – are consistent with Federal Rules of Civil Procedure 9(b) and 12(b)(6).

38.     In Defendant Federal and Chubbs' Motion to Dismiss, the Defendants proceed to attempt to convince this court that the causes of action alleged by Plaintiffs are of such an insufficient nature that they do not articulate a plausible claim.

39.     The assertions of FEDERAL and CHUBB regarding coverage available to TWIN VILLAGE are not supported by the facts or the law.  The claims submitted, and the coverage defense and indemnity sought by TWIN VILLAGE, are consistent with the FEDERAL Policy language and with the defense responses necessitated by each of the Lawsuits.  Any failure of a business entity named in the Underlying Suit is due to the negligent or intentional act of one or more of the Defendants.  Any issue regarding whether The Stanleys were acting in a capacity that would fall within the parameters of coverage is due to the acts or omissions of the GALLAGHER Defendants, and is a question of law and fact.  All issues presented against Plaintiffs within the Underlying Suits merit a defense, and the payment of Defense Costs, by contract and per the Policy.

40.     In mixed-actions such as these Underlying Lawsuits, the defense or response is inextricably intertwined among the TWIN VILLAGES entities and individuals, and segregation of the defense and the Defense Costs prejudices the defending party.  In addition, the assertions of FEDERAL and CHUBB and GALLAGHER, are inconsistent with the *Insurance Proposal* as well as the *Policy*, which are actionable, and for which Plaintiff TWIN VILLAGE has sued.

41.     As *Plaintiffs Original Complaint* articulates, and as indicated below, Plaintiffs claims are articulated with particularity, and Defendant Federal and Chubbs' Motion to Dismiss and Gallaghers' Motion to Dismiss are incorrect in their assertions to this Court, and should be in all ways denied.

## B.    <u>Breach of Contract (the *Policy*) (by FEDERAL and CHUBB)</u>

42.     As articulated in detail in *Plaintiffs' Original Complaint*, and in the *Factual Background* section above, Plaintiffs Twin Village entered into an insurance contract (the Policy) with Federal (a Chubb Company) and the Chubb Defendants, in which Plaintiffs Twin Village contracted for defense and indemnification against claims or occurrences pertaining to areas of coverage.  Among the duties owed by Federal and Chubb to Plaintiffs is the duty to defend as well as the duty to indemnify.  It is well-established that the duty to defend is much broader than the duty to indemnify.  See *Heyden Newport Chem. Corp. v. S. Gen. Ins. Co.,* 387 S.W.2d 22 (Tex.1965).   See also *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263.   The analysis of whether an indemnifier (such as Federal and the Chubb Defendants) is obligated to provide a defense to claims presented by an insured is determined in Texas by the eight-corners rule which requires an insurer (indemnifier) to review not only the four corners of the policy but the four corners of the pleading or claim as well.  *Id.*  See, *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523 (5th Cir. 2004).  Upon examination of these 'eight-corners' – and with proper consideration of the

liberal amendment rules provided in the Texas Rules of Civil Procedure and the Federal Rules of Civil Procedure – a determination is made as to whether an insurer will defend its policyholder, and pay the cost of that defense.

43.     In the instance case, Federal and the Chubb Defendants have clearly breached their duty to defend (and indemnify) the Plaintiffs, in that consistent with *Northfield's* eight-corners rule, the scope of the allegation in the four corners of the pleadings and claims (the Underlying Suits) fall within the four corners of the insuring document (the Policy).  Even an assertion by Federal and the Chubb Defendants that one or more exclusions that would potentially be applicable would necessitate a defense under a reservation of rights would result in a question of fact and law during allocation - as to whether the portion of the Plaintiffs' defense that went to claims that Federal and Chubb assert are uncovered actually pertained to claims that were not covered by the Policy, and to what extent the cost of these 'uncovered claims' could be segregated from the total Defense Costs.  Accordingly, Defendants Federal and Chubbs' Motion to Dismiss should be denied.

### C.     Breach of Duty of Good Faith and Fair Dealing (by FEDERAL and CHUBB and GALLAGHER)

44.     As stated in *Plaintiffs' Original Complaint*, Defendants Federal and Chubb (and Gallagher) owed Plaintiff TWIN VILLAGE a duty of good faith and fair dealing that required Defendants to perform their duties and obligations under the *Insurance Proposal* and the *Policy.* Defendants breached their duties to Plaintiffs by failing or refusing to abide by the terms, conditions, representations, warranties, and duties in the *Policy*.  Specifically, after entering into the *Policy*, Defendants subsequently failed to honor the *Policy*, including by failing or refusing to defend and indemnify Plaintiffs, and to pay *Defense Costs*.  Consistent with *Higginbotham v. State Farm Mut. Auto Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997), and based upon the facts and law of this

case - especially given the nature of the allegations against the named entities and The Stanleys in the Underlying Suits - Federal and Chubb had and have no reasonable basis for denying of delaying payment of Plaintiffs' claims or payment of Plaintiffs' *Defense Costs*. In addition, Gallagher failed to provide the insurance benefits bargained for by Plaintiffs. Accordingly, Defendants Federal and Chubbs' and Gallaghers' Motion to Dismiss should be denied.

### D. <u>Fraud, and Fraudulent Inducement (by FEDERAL and CHUBB and GALLAGHER)</u>

45. As stated in *Plaintiffs' Original Complaint*, Defendants Federal and Chubbs' acts and omissions, in concert with the Gallagher Defendants, constitute Defendants' fraud and fraudulent inducement against Plaintiff TWIN VILLAGE. Defendants misrepresented the *Insurance Proposal* and *Policy* by making untrue statements of material fact. Gallagher (including through representative Larry Hansard) violated its duty to use reasonable diligence in attempting to place the errors and omissions insurance requested by Plaintiff Twin Village, and to inform the client promptly if it was unable to do so. See *Spurlock v. Beacon Lloyds Ins. Co.*, 494 S.W.3d 148, 155 (Tex.App. – Eastland 2015), citing *May v. United Servs. Ass'n of Am.*, 844 S.W.2d 666, 669 (Tex. 1992). The failure or refusal of Defendants Federal and Chubb to provide the insurance coverage as requested by Plaintiffs, as well as to provide *Defense Costs* clearly within the coverage of the Policy, indicates Federal and Chubbs' intention from the inception of the Policy not to perform.

46. Consequently, all of the named Defendants, acting in concert by and through their acts, omissions, and course of conduct, stated that Defendants would perform pursuant to the defense and indemnification provisions of the *Policy*, and abide by the terms, conditions, representations, warranties, and duties in the *Policy*, and failed or refused to do so. By failing to communicate to Plaintiff Twin Village that the coverages that Plaintiff Twin Village allegedly

received were not the coverages that Defendants assert existed for Plaintiff Twin Village, Defendants failed to state a material fact that is necessary to make other statements made not misleading, considering the circumstance under which the statements were made. Defendants made the statements in such a manner as to mislead a reasonably prudent person or entity to a false conclusion of a material fact – which constitutes not only fraud, but fraudulent inducement.

47.     Specifically, and as stated in *Plaintiffs' Original Complaint*, Plaintiffs concluded that Defendants would not breach the *Policy*, would provide the defense and indemnity which Plaintiffs requested and for which Plaintiffs believed they had bargained, intended to perform under the Policy, and would perform under the *Policy*, including as to defense and indemnity of Plaintiff and the payment of *Defense Costs*, which Defendants did not. Defendants acts and omissions described above were false, were intended to mislead Plaintiff, and are actionable. Defendants knew the representations made to Plaintiff were false when made, or made the representations recklessly, as a positive assertion, and without knowledge of their truth. Defendants made the representations with the intent that Plaintiffs would act upon them, and Plaintiffs did act upon them when entering into the *Policy*. Plaintiffs relied upon Defendants' misrepresentations when entering into the Policy, to Plaintiffs' detriment. Accordingly, Defendants Federal and Chubbs' Motion to Dismiss, and the Gallagher Defendants' Motions to Dismiss, should be denied.

**E.      Business Disparagement; and, Tortious Interference with Existing and Prospective Business Relationships; and, Loss of Existing & Prospective Business Relationships and Opportunities (by FEDERAL and CHUBB)**

48.     Defendants FEDERAL and CHUBB have denied coverage for all or a portion of the defense and indemnity to which Plaintiff is entitled, including the *Defense Costs*. Defendants' acts and omissions have disparaged Plaintiffs' business reputations, have placed Plaintiffs in a false light, and are defamatory to Plaintiffs. Specifically, Defendants have publicized its acts and

omissions, among investors (including the Plaintiffs in the Underlying Suits) as well as those doing business with Plaintiffs. Through its correspondence (including its reservations of rights and *Exhibits F* and *G*) Defendants Federal and Chubb have permitted its acts and omission to be publicized, which places Plaintiffs in a negative and false light, for which Plaintiffs have sued, as articulated in *Plaintiffs' Original Complaint*.

49. Prior to and during the time of the Underlying Suits, and throughout Defendants Federal and Chubbs' refusal to pay Plaintiffs' *Defense Costs*, Plaintiffs were engaged in a variety of business endeavors and contracts with various businesses and investors. Consequently, and consistent with *El Paso Healthcare Sys. Ltd. v. Murphy*, 518 S.W.3d 412, 421 (Tex. 2017), by failing or refusing to defend and indemnify Plaintiffs, Defendants Federal and Chubb have tortiously and improperly and tortiously interfered with Plaintiffs' business relationships – both existing and prospective. Plaintiffs' ability to retain and develop relationships with existing or prospective businesses (and investors) in compromised not only by the reputational damage caused by Defendant's disparagement, but by the financial burden of not having its incurred *Defense Costs* paid as Plaintiffs had requested and bargained through the *Policy*. Further, other businesses (and investors) are not, or are no longer, engaged in a business relationship with Plaintiffs due to Defendants Federal and Chubbs' acts and omissions in failing to pay *Defense Costs*, resulting not only in the tortious interference with business relationships but in the loss of existing or prospective business relationships. Accordingly, Defendants Federal and Chubbs' Motion to Dismiss should be denied.

### F. Negligence (by GALLAGHER)

50. Defendants GALLAGHER (including through representative Larry Hansard) had a duty to broker and procure the insurance products agreed upon by Plaintiff TWIN VILLAGE.

GALLAGHER also owed a duty to TWIN VILLAGE to properly and accurately represent the nature and extend of the terms and substance of the insurance products being brokered and procured, including, but not limited to the presentation of the Insurance Proposal, the Policy, and the defense and indemnity of the Policy (including through the Defense Costs).

51. Defendants FEDERAL and CHUBB have denied coverage for all or a portion of the defense and indemnity to which Plaintiff is entitled, including the *Defense Costs*. To the extent that all or portion of the assertions of Defendants FEDERAL and CHUBB denying coverage to Plaintiff TWIN VILLAGE, the acts and omissions of Defendant GALLAGHER, in failing to broker and procure the insurance products agreed upon by Plaintiff TWIN VILLAGE, constitute a breach of Defendant GALLAGHER's duty and are negligence in failing to act, or in failing to act in accordance with the standard of care for performing GALLAGHER's duties.

**G. Violation of Tex. Bus. & Com. Code § 17.41, et seq (Texas DTPA); and, Violation of Texas Insurance Code § 541 et seq, and § 541A et seq (Deceptive, Unfair, and Prohibited Practices) (by FEDERAL and CHUBB and GALLAGHER)**

52. As stated in *Plaintiffs' Original Complaint*, Defendants Federal and Chubb (and Gallagher) worked in concert to mispresent to Plaintiffs the terms and conditions (including coverage) of the *Insurance Proposal* and the *Policy*, including the defense and indemnity of Plaintiffs (including the *Defense Costs*). Specifically, as stated in the *Factual Background* section of Plaintiff's Original Complaint, and as stated in Exhibits F and G, Defendants claim that several business entities named in the Underlying Suits are either not insured or are not insured in their individual capacities. To the extent that the Defendants' assertions are partially or wholly accurate, this is not the defense or indemnity that Plaintiffs requested or bargained for, and constitutes deception and a misrepresentation of the Policy by Defendants. Accordingly,

Defendants Federal and Chubbs' Motion to Dismiss, as well as the Gallagher Defendants' Motion to Dismiss, should be denied.

**H.** **Violation of Texas Insurance Code §542.058 (Delay in Payment in Claim), and applicability of Texas Insurance Code §542.060 (Liability for Violation of Subchapter) (by FEDERAL and CHUBB)**

53.     As stated in *Plaintiffs' Original Complaint*, Defendants Federal and Chubb through their acts and omissions, have knowingly and intentionally delay payment of Plaintiffs' claim in an attempt to deprive payment or delay payment to Plaintiffs. This is articulated in the *Factual Background* of *Plaintiffs' Original Complaint*, and illustrated through Motion to Dismiss *Exhibits F* and *G*. The ensuing amount of damages incurred by Plaintiffs is articulated in the Damages portion and throughout *Plaintiffs' Original Complaint*. Accordingly, Defendants Federal and Chubbs' Motion to Dismiss should be denied.

I. **Unjust Enrichment**

54.     Despite Defendants' breach of the Policy, fraud, fraudulent inducement, negligene, tortious interference with existing & prospective business relationships, instigation of loss of Plaintiffs' existing and prospective business relationships, and Defendants' deception and refusal to promptly pay Plaintiffs' Defense Costs, Defendants assert to this court that Defendants have not been unjustly enriched, nor has such unjust enrichment been properly pled by Plaintiffs. This assertion by Defendants ignores the *Factual Background* of *Plaintiffs' Original Complaint*, as well as the law, and Defendants' *Exhibits F* and *G* which clearly indicate and attempt to avoid paying Plaintiffs' *Defense Costs* based upon a misinterpretation of the duty to defend and indemnify.

55.     Defendants Federal and Chubb, in concert with Gallagher, obtained a benefit from Plaintiff TWIN VILLAGE by fraud, duress, or the taking of an undue advantage. Therefore,

Defendants wrongfully secured or passively received a benefit from Plaintiffs, by refusing to honor the *Insurance Proposal* and the *Policy*, including the defense and indemnification of Plaintiffs through coverage and payment of *Defense Costs*, while accepting payment and premiums for the *Policy*. It would be unconscionable for Defendants to retain the proceeds and benefits of his unlawful conduct. Plaintiffs hereby seeks disgorgement, restitution, and payment for all benefit Defendants has unlawfully obtained. Accordingly, Defendants Federal and Chubbs' Motion to Dismiss, as well as the Gallagher Defendants' Motion to Dismiss, should be denied.

## CONCLUSION & PRAYER FOR RELIEF

WHEREFORE, Plaintiffs TWIN VILLAGE pray that Defendants Federal and Chubbs' Motion to Dismiss, as well as the Gallagher Defendants' Motion to Dismiss Plaintiffs' Original Complaint be in all ways denied, and that Plaintiffs be granted such other and further relief to which Plaintiffs may be justly entitled at law or in equity.

In the alternative, and to the extent that this Court grants any or all of Defendants Motion to Dismiss, Plaintiffs' respectfully request the opportunity to remedy and replead any portions of Plaintiffs' Original Complaint which this Court deems insufficient.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of July, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and served Counsel for Defendants.

<u>Dated: July 3, 2023</u>

**Respectfully Submitted,**

**STAFFORD MOORE, PLLC**

*/s/ Paul K. Stafford*
Paul K. Stafford
State Bar No. 00791716
paul@staffordmoore.law
www.staffordmoore.law
325 N. St. Paul Street, Suite 2210
Dallas, Texas 75201
Telephone:     214-764-1529
Facsimile:      214-580-8104

**ATTORNEYS FOR PLAINTIFF**
**TWIN VILLAGE MANAGEMENT, LLC**
**ET AL.**